NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| ESTATE OF JAMES LEWIS SLATER JR, by and through Laura Casablanca, Personal Representative of the Estate; LAURA MARIE CASABLANCA, wife of James Lewis Slater, Jr.; DAWN MARIE HAMILTON, step-daughter of James Lewis Slater, Jr.; ESTATE OF JAMES LEWIS SLATER SR, father of James Lewis Slater, Jr., by and through Gerald R. Slater, Personal Representative of the Estate, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 13-35743 D.C. No. 2:12-cv-01132-MJP MEMORANDUM[*] |
| Plaintiffs - Appellants, | ) ) | |
| v. | ) ) | |
| KING COUNTY; PETER JOSEPH COUGAN, in his official capacity as a police officer for King County, and as an individual, | ) ) ) ) ) | |
| Defendants - Appellees. | ) ) | |

Appeal from the United States District Court
for the Western District of Washington

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Marsha J. Pechman, Chief District Judge, Presiding

Argued and Submitted April 9, 2015
Seattle, Washington

Before: FERNANDEZ, RAWLINSON, and CALLAHAN, Circuit Judges.

The Estate of James Lewis Slater, Jr.,[1] Laura Casablanca, Dawn Hamilton and the Estate of James Lewis Slater, Sr.,[2] appeal the judgment in favor of King County and police officer Peter J. Cougan, which followed the district court's grant of summary judgment on the civil rights action brought by the Slater family. See 42 U.S.C. § 1983. The Slater family also appeals the district court's denial of its motions for partial summary judgment. We affirm.

(1) The Slater family first asserts that Cougan violated Slater's right under the Fourth Amendment to the United States Constitution to be free from an unreasonable seizure — here the use of force by Cougan, who shot Slater while responding to a 911 call (in which Casablanca reported acts of domestic violence by Slater). The district court determined that Cougan was entitled to qualified immunity. As we see it, Cougan's use of deadly force did not violate Slater's constitutional rights. It was reasonable under the circumstances, and there are no

---

[1]James Lewis Slater, Jr., is hereafter referred to as Slater.

[2]Collectively referred to as "the Slater family."

disputes of fact that could lead to a contrary conclusion.  Therefore, we affirm.[3]  In general, any use of force by an officer must be "objectively reasonable under the circumstances,"[4] and that is determined "'in light of the facts and circumstances confronting'"[5] the officer at the time.  More specifically, "use of <u>deadly</u> force is reasonable only if 'the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others,'"[6] but we cannot overlook "the fact that police officers are often forced to make split-second judgments — in circumstances that are tense, uncertain, and rapidly evolving — about the amount of force that is necessary in a particular situation."[7] We have carefully considered the evidence,[8] and, objectively speaking, on the undisputed facts, Cougan had probable cause to believe that Slater threatened him with serious physical injury.  The atmosphere was frought with menace as Slater

---

[3]We can affirm on any basis supported by the record.  <u>McSherry v. City of Long Beach</u>, 584 F.3d 1129, 1135 (9th Cir. 2009).

[4]<u>Scott v. Henrich</u>, 39 F.3d 912, 914 (9th Cir. 1994).

[5]<u>Smith v. City of Hemet</u>, 394 F.3d 689, 701 (9th Cir. 2005) (en banc).

[6]<u>Scott</u>, 39 F.3d at 914; <u>see also</u> <u>Tennessee v. Garner</u>, 471 U.S. 1, 3, 105 S. Ct. 1694, 1697, 85 L. Ed. 2d 1 (1985).

[7]<u>Graham v. Connor</u>, 490 U.S. 386, 397, 109 S. Ct. 1865, 1872, 104 L. Ed. 2d 443 (1989).

[8]<u>See</u> <u>Scott</u>, 39 F.3d at 915.

rapidly approached, refused to obey repeated commands to stop and was almost upon Cougan. In that rapidly evolving situation,[9] it was reasonable for Cougan to fire his weapon at Slater. There are some disputed facts, but none of them are material to determining the reasonableness of Cougan's response under those stressful circumstances: for example, the fact that, as it turned out, Slater was not actually armed as he resolutely marched towards Cougan,[10] the fact that less intrusive alternatives might have been available,[11] and the fact that the officers did not expressly say they would shoot if Slater did not stop advancing.[12] In fine, Slater's constitutional rights were not violated.

(2)     The Slater family urges that its constitutional right to due process pursuant to the Fourteenth Amendment to the United States Constitution was

---

[9]The situation had been static and the officers at the scene were waiting until Slater started moving — between that time and the time Slater was shot was around eighteen seconds. Cf. Billington v. Smith, 292 F.3d 1177, 1191 (9th Cir. 2002) (150 seconds "is not a comfortably ample period" for deliberation).

[10]See Lal v. California, 746 F.3d 1112, 1117 (9th Cir.), cert. denied, __ U.S. __, 135 S. Ct. 455, 190 L. Ed. 2d 331 (2014); Blanford v. Sacramento Cnty., 406 F.3d 1110, 1116 (9th Cir. 2005).

[11]See Billington, 292 F.3d at 1191.

[12]They did order him at gunpoint to stop, but he ignored them and kept on coming at Cougan.

4

violated because Slater's death took him from the family,[13] and Cougan's acts, in effect, shock the conscience.[14] However, because the due process standard is more stringent than the Fourth Amendment standard, the Slater family cannot prevail on this claim.[15] The evidence would not support a conclusion that Cougan "acted with a purpose to harm [Slater] for reasons unrelated to legitimate law enforcement objectives." Porter, 546 F.3d at 1137.[16]

(3)     The Slater family also asserts that the district court erred when it granted summary judgment to the County. We disagree. Because Cougan's actions did not violate Slater's or the Slater family's constitutional rights, the 42 U.S.C. § 1983 claims against the County also fail. See Jackson v. City of Bremerton, 268 F.3d 646, 653–54 (9th Cir. 2001).

(4)     Similarly, the Slater family's claims under the laws of the State of Washington must fail because absent wrongful acts by Cougan, there is no basis for recovering in a survival or wrongful death action. See Estate of Lee v. City of

---

[13]See Curnow v. Ridgecrest Police, 952 F.2d 321, 325 (9th Cir. 1991).

[14]Porter v. Osborn, 546 F.3d 1131, 1137 (9th Cir. 2008).

[15]See Moreland v. Las Vegas Metro. Police Dep't, 159 F.3d 365, 371 n.4 (9th Cir. 1998).

[16]To the extent that the Slater family claims that Porter was wrongly decided, we are unable to consider its argument. See State Bar of Cal. v. Findley (In re Findley), 593 F.3d 1048, 1050 (9th Cir. 2010).

Spokane, 2 P.3d 979, 989–90, 101 Wash. App. 158, 173–74 (2000).

Therefore, we affirm the grants of summary judgment to Cougan and the County.[17]

AFFIRMED.[18]

---

[17]We perceive no abuse of discretion in the district court's refusal to consider portions of the Slater family's expert's opinions. See Gen. Elec. Co. v. Joiner, 522 U.S. 136, 146–47, 118 S. Ct. 512, 519, 139 L. Ed. 2d 508 (1997).

[18]The Slater family's motion for summary reversal is denied as moot.